IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| D.A. INTERNATIONAL CASTING COMPANY, INC., ) | Case No. 1:06-CV-02830 |
| Plaintiff, ) | Judge Ann Aldrich |
| v. ) | |
| JOHN WHITAKER, et al., ) | MEMORANDUM AND ORDER |
| Defendants. ) | |

Before the court is plaintiff D.A. International Casting Company, Inc.'s ("DAI") motion to remand this case to the Richland County Court of Common Pleas [Docket No. 5]. This case was originally filed in that court on October 10, 2006, but was removed on November 22, 2006 by defendants John Whitaker ("Whitaker"), Andrea Whitaker, and Whitaker and Company (collectively, the "Whitakers") on the basis of diversity jurisdiction.

As alleged in its complaint, DAI is an Ohio corporation with its principal place of business in Ohio. The Whitakers are not Ohio residents; they are Georgia residents. Therefore, the parties do not dispute the existence of complete diversity for the purposes of subject matter jurisdiction under 28 U.S.C. § 1332. DAI's complaint contains three counts. Count One seeks injunctive relief to bar the Whitakers from using allegedly misappropriated trade secrets obtained while the Whitakers were engaged as sales representatives for DAI. Specifically, DAI alleges that the Whitakers possess certain trade secret information and are using those trade secrets to enrich themselves at DAI's expense. Count Two seeks the return of $20,587.99 in commissions paid to Whitaker by DAI, on the grounds that Whitaker's misappropriation of trade secrets constituted a breach of his sales representation contract so

that those commissions should not have been paid. Finally, Count Three seeks $13,507.28 in damages incurred by DAI as a result of Whitaker's alleged negligence. The complaint seeks $34,095.27 in monetary damages, plus injunctive relief.

To determine whether the amount in controversy exceeds the jurisdictional minimum of $75,000 under 28 U.S.C. § 1332(a), the court will aggregate all of DAI's claims together. *Saglioccolo v. Eagle Ins. Co.*, 112 F.3d 226, 232 (6th Cir. 1997) (citing *Klepper v. First Am. Bank*, 916 F.2d 337, 341 (6th Cir. 1990); *Davis H. Elliot Co. v. Caribbean Utils. Co.*, 513 F.2d 1176, 1183 (6th Cir. 1975)). To do so, the court must determine whether the value of the injunction sought by DAI exceeds $40,904.73, which would put the aggregate amount in controversy over the jurisdictional minimum. *Goldsmith v. Sutherland*, 426 F.2d 1395, 1398 (6th Cir. 1970) (holding that "the rule is that in injunction actions, the amount in controversy is not the amount that the plaintiff might recover at law, but rather the value of the right to be protected or the extent of the injury to be prevented"). In this case, because DAI seeks an injunction to prevent the alleged misuse of its trade secrets, the amount in question is either the value of the trade secret information, or the damage being caused to DAI by the alleged misappropriation. *Id.* The Whitakers, as removing defendants, bear the burden of establishing that the value of the injunction makes the total amount in controversy more than the jurisdictional minimum. *Ahearn v. Charter Twp. of Bloomfield*, 100 F.3d 451, 453-54 (6th Cir. 1996) (citing *Carson v. Dunham*, 121 U.S. 421, 425-26 (1887)).

Although DAI did not plead the amount of damage caused by the misappropriation or the value of the alleged trade secrets, the court must still determine the value of the injunction sought, and whether the value is less than $40,904.73 by a legal certainty. *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 156 (6th Cir. 1993) (citation omitted). If the Whitakers can show that it is more likely than not that the

injunction's value exceeds $40,904.73, the jurisdictional minimum would be satisfied. *Id.* at 158 (citations omitted).

In an affidavit, Whitaker avers that the total amount of sales on which he provided services to DAI totaled approximately $4.8 million between January 2003 and May 2006, representing a profit to DAI of approximately $1.4 million. Whitaker lists two customers he dealt with on DAI's behalf, whose annual purchases from DAI both exceed $1 million, constituting allegedly $1 million in profits to DAI between the two, and commissions easily in excess of $40,904.73, at Whitaker's previously established commission rate. With the affidavit, Whitaker appears to argue that *if* he has misappropriated any trade secrets, they would have to do with those customers he dealt with on DAI's behalf, and the profits and/or commissions generated would therefore form the basis of any valuation of the injunction sought by DAI. The trade secrets therefore are some percentage of the millions of dollars in annual sales, the hundreds of thousands of dollars in annual profit, or the tens of thousands of dollars in projected commissions, all of which indicate that the trade secrets' value or the damage to DAI as a result of misappropriation exceeds $40,904.73.

For its part, DAI has not pleaded any facts or provided any evidence to establish the value of the injunction sought, much less to establish that the injunction is legally certain to be worth no more than $40,904.73. DAI seems to argue that the court should simply ignore Count One in determining the amount in controversy, though it provides no authority for such a suggestion. Therefore, the only evidence the court has to consider at this time is that presented by the Whitakers. For that reason, the court finds that based upon the current record, the value of the injunction more likely than not exceeds $40,904.73, and subject matter jurisdiction exists. However, given the early stage of this litigation, the court would prefer to avoid wasteful federal litigation if it does become apparent that the court does lack

subject matter jurisdiction because the aggregate value of DAI's claims does not exceed $75,000. Therefore, the court denies the motion to remand [Docket No. 5] without prejudice at this time. DAI may re-file its motion to remand no later than February 16, 2007, to specifically establish the value of the injunction sought in Count One by means of affidavits or other documentary evidence, if DAI does indeed claim that the injunction is worth no more than $40,904.73. The Whitakers shall file their response to DAI's renewed, non-dispositive, motion to remand no later than March 2, 2007, and DAI may file a reply no later than March 9, 2007.

The case management conference currently set in this matter for Friday, January 19, 2007, at 11:00 a.m. shall be continued to Friday, March 16, 2007, at 11:00 a.m.

IT IS SO ORDERED.

    /s/Ann Aldrich
ANN ALDRICH
UNITED STATES DISTRICT JUDGE

**Dated: January 18, 2007**